# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**FERNANDO GALLARDO**,

    Plaintiff,

    v.                        **CIV. NO. 01-241 DJS/RLP**

**THE CITY OF ALBUQUERQUE, et al.**,

    Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Defendant Hicks' Motion for Summary Judgment Requesting Dismissal of Count I of Plaintiff's Complaint filed December 31, 2001. Plaintiff did not respond to the Motion thus violating local rule D.N.M.LR-Civ. 56.1(b). Plaintiff's failure to respond constitutes consent to grant the motion. D.N.M.LR-Civ. 7.5 Moreover, the Defendants' Memorandum and cases cited therein supports the granting of the Motion.

In Count I of Plaintiff's Complaint Plaintiff alleges that Defendant Hicks violated his rights under the Fourth Amendment by unlawfully seizing him and by failing to investigate "basic evidence." It appears that Plaintiff is claiming that Hicks, the arresting officer, did not have probable cause to arrest him. "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." <u>Albright v. Rodriquez</u>, 51 F.3d 1531, 1536 (10th Cir. 1995(*quoting* <u>Romero v. Fay</u>, 45 F.3d 1471, 1476 (10th Cir. 1995)). Probable cause

requires a "substantial probability that a crime has been committed and that a specific individual committed a crime." St. John v. Justman, 771 F.2d 445, 448 (10th Cir. 1985). The undisputed facts in this matter support Defendant's assertion that he had probable cause to arrest the Plaintiff. A business establishment was robbed. An eyewitness gave a statement to an officer. Detective Hicks reviewed the statement and met with a supervisor at the business. The supervisor gave the name of the Plaintiff as someone who was familiar with the store operation, store code and store alarm. The supervisor also gave the name of another individual, Michael Aragon, as someone familiar with the store but not to the extent of the Plaintiff. The eyewitness identified the Plaintiff as the offender from a photo array which contained six photographs. Defendant Hicks prepared an arrest warrant and affidavit which was signed by the Honorable James F. Blackmer. On January 22, 1999, the Bernalillo County Grand Jury returned an indictment against the Plaintiff charging him with one count of Armed Robbery with a Fireman Enhancement.

Based on the undisputed facts asserted by the Defendant, Defendant asserts that he is entitled to qualified immunity. Qualified immunity protects "government officials performing discretionary functions...from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Once a defendant raises the qualified immunity defense, then the plaintiff has the burden "to show both that the defendant's alleged conduct violated the law and that the law was clearly established when the alleged violation occurred." Pueblo Neighborhood Health Centers, Inc. v. Losavio, 847 F.2d 642, 646 (10th Cir. 1988).

In this matter, it appears that Plaintiff claims that Defendant violated his constitutional rights because he did not mention Michael Aragon in his affidavit or that the Plaintiff had an alibi. The Tenth Circuit has specifically ruled that failure to investigate a Plaintiff's alibi does not negate a probable cause determination. <u>Romero</u>, 43 F.3d at 1472. Further, when it is alleged that there is an omission in the affidavit "the existence of probable cause is determined by examining the affidavit as if the omitted information has been included and inquiring if the affidavit would still have given rise to probable cause for the warrant." <u>Wolford v. Lasater</u>, 78 F.3d 484, 489 (10th Cir. 1996). Plaintiff failed to dispute any facts asserted by the Defendant. The undisputed facts demonstrate that even if the information about Michael Aragon had been included, probable cause existed for the arrest of the Plaintiff.

The Defendant is entitled to qualified immunity because Plaintiff, in failing to respond, failed to allege facts and law demonstrating Defendant arrested him without probable cause in violation of the Fourth Amendment.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendant Hicks' Motion for Summary Judgment Requesting Dismissal of Count I of Plaintiff's Complaint is granted.

**IT IS FURTHER ORDERED** that the Court, having previously dismissed the remaining counts in Plaintiff's Complaint, dismisses this case with prejudice and that Judgment will be entered.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**